PEOPLES SAVINGS BANK IN PROVIDENCE *vs.* ARTHUR B.
SMALL *et al.*

JUNE 20, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a bill of interpleader brought by the complainant bank against two respondents each of whom was claiming ownership of the monies deposited in a certain bank account. In the superior court, upon bill and answers, a decree of interpleader was entered without objection; and the cause proceeded to a hearing on bill, answers and proof to determine which of these respondents was entitled to ownership of the deposit. Thereupon a decision was rendered and a decree was entered, awarding the entire sum to the respondent Arthur B. Small; and the cause is before us upon the appeal of the respondent Bly Patridge Small from this decree.

Certain undisputed facts appear in evidence. Both respondents were and are residents of Connecticut. The account in question was opened in 1927 in the names of Bly Patridge or Arthur B. Small and payable to either or the survivor of them, while Mr. Small was married to his former wife. The deposit of $200 to open the account, and all of the monies later deposited from time to time, were originally the sole property of Arthur B. Small. All of the deposits were mailed by Bly Patridge to the bank, being made from cash delivered to her by Arthur B. Small, and these deposits were made several years before these respondents were married. The single withdrawal was made by Bly Patridge Small, after their marriage, which followed his first wife's divorce in Nevada, and was in the form of a check made payable to Arthur B. Small.

On June 14, 1938 a petition by Bly Patridge Small for divorce from her husband Arthur B. Small was denied, after a hearing, by the Connecticut court. In that divorce action Bly Patridge Small testified, in substance, that the money in this account was all the property of Arthur B. Small and that she would not think of withdrawing any of it without his permission. Although she testified herein that she had exclusive custody of the bankbook for the entire period, she

never attempted to exercise dominion over the account by withdrawal, except in the one instance where the $700 with-drawal was made payable to Arthur B. Small and used by him for the purchase of furniture at the time of their marriage.

In addition to the above undisputed facts, there is a sharp conflict upon certain other material points. The respondent Bly Patridge Small testified that the money was given in cash to her from time to time by Arthur B. Small as absolute gifts; that he intended that she could spend that money in any way she desired; that it was her own idea to open the bank account, with money thus given to her, in their joint names so that, if anything happened to her, the proceeds would go to Arthur B. Small rather than to her own heirs; that the account was opened and kept in Providence in order to shield the parties from embarrassment because Mr. Small was married at the time. She also sought to explain some of the testimony which she admittedly gave in the divorce action in Connecticut, wherein she had admitted, in effect, that the money in this account was entirely the property of Arthur B. Small.

On the other hand, the respondent Arthur B. Small testified, in substance, that the bank account was opened solely at his direction; that the initial $200 and all subsequent amounts that were deposited by Bly Patridge were given for the specific purpose of protecting her in the future in the event of his disability or death; that he intended and directed that these monies be placed in this account for such purpose and that they were so deposited by her; that other gifts of money and property for her personal use were made by him to her and were intentionally not included in this account; that he held exclusive control of the bank-book for six or seven months after the account was opened, and that he then delivered the book to her for safekeeping, in order to avoid explanations at his home since he was then

married and living with his first wife; that after each deposit was mailed and entered by the bank, Bly Patridge would bring the book to him to show the record thereof; and that the withdrawal of $700 was made at his direction and for him as the check showed.

There was other evidence of the conduct of the parties, some of which tended to corroborate portions of their other testimony and some of which tended to weaken their credibility. However, an attorney, who represented Mr. Small in the Connecticut divorce proceeding, testified in substantial corroboration of the admissions of Bly Patridge Small as to the ownership of this deposit. On the other hand, the attorney for Mrs. Small at that time, who was admittedly present when such admissions were made during the trial and also at a conference in his office, did not appear to contradict the testimony of Mr. Small's attorney. But Bly Patridge Small denied the truth of some of his testimony and sought to explain other parts thereof.

The trial justice made his decision largely upon the credibility of the witnesses as they appeared before him. He found, in substance, that the fund was originally the property of Arthur B. Small and that the delivery of sums from time to time, which constituted the deposits in this account, were made by Arthur B. Small for the specific purpose of a future contingency, rather than as a present gift of the money in the account or of any joint interest therein.

We have examined the evidence and we agree with the trial justice that the issue was clearly one of fact to be determined upon the conflicting evidence and largely upon the credibility of the witnesses. In the circumstances, we are not in as good position as the trial justice was to make such finding because he had the advantage of seeing and hearing the witnesses. We have examined the evidence and find no reason to treat the cause as an exception to the general

rule that we should not disturb the trial justice's findings of fact upon conflicting evidence unless he is clearly wrong.

In essence, Bly Patridge Small is claiming ownership of the money in this bank account by virtue of a gift *inter vivos* from Arthur B. Small, who is living and contesting her claim. The burden was therefore upon her to establish such claim at least by a fair preponderance of the evidence. The trial justice found that she had failed to so establish that Arthur B. Small, at the times in question, had a present intention to divest himself of the exclusive control and dominion over any of the money or bankbook, or of any joint interest therein; and that she failed to establish a completed gift to her. See *Weber* v. *Harkins,* 65 R. I. 53, 13 A. 2d 380.

The respondent Bly Patridge Small also attempts to argue that the decree upon the bill of interpleader was erroneous and improper under the law. This decree was entered, without objection and apparently upon the consent of all the parties, upon the bill and the respondents' answers thereto. No appeal was taken within the appointed time therefrom and this question is not now open to the appellant here.

For the reasons stated, the appeal of Bly Patridge Small is denied, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Edwards & Angell,* for complainant.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.,* for respondent Arthur B. Small.

*Peter Leo Cannon,* for respondent Bly P. Small.